UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES MICHAEL BROWN,

    Plaintiff,

    v.

SGT. BROOMFIELD, et al.,

    Defendants.

CAUSE NO. 3:24-CV-547-GSL-AZ

OPINION AND ORDER

James Michael Brown, a prisoner without a lawyer, moves for a preliminary injunction. (ECF 11.) He is proceeding in this lawsuit against Sergeant Serina Day, Officer James Drummond, and Officer Mark Broomfield for money damages for failing to protect him from being attacked by his cellmate in violation of the Eighth Amendment, and against the Warden of Miami Correctional Facility ("MCF") in his official capacity for injunctive relief related to his ongoing need for protection from other inmates. (ECF 13.)

In his motion for a preliminary injunction, Brown asserts that he is at risk of harm because other inmates have labeled him a "snitch" after the incident with his cellmate. (ECF 11.) Although he was in restrictive housing when he filed the motion, he expresses concerns about what could happen if he returns to general population and asks the court to "issue a[n] order for my protection." (*Id.*) The court ordered a response from the Warden, which has now been filed. (ECF 26.) The Warden argues that preliminary injunctive relief is unnecessary because Brown is still in restrictive housing

and will not be released to general population anytime soon. (*Id.*) The Warden argues that Brown has not shown he is in danger in restrictive housing.[1] (*Id.*)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

---

[1] By operation of the Local Rules, any reply by Brown was due November 14, 2024. N.D. Ind. L.R. 7-1(d)(2)(B). That deadline has passed and no reply was filed.

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in correctional setting).

The Eighth Amendment imposes a duty on prison officials to take "reasonable measures" to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). At the same time, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must show that the defendant "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to

3

[plaintiff's] health or safety yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Additionally, "[p]rison officials do not violate the Eight Amendment because the mode of protection they offer does not sit well with a prisoner. Rather, if they offer reasonable protection from the threat, they have done their duty." *Dale v. Poston*, 548 F.3d 563, 570 (7th Cir. 2008).

The records submitted by the Warden reflect that prison staff are taking reasonable measures to protect Brown from harm. He is no longer living in the cell with the inmate who attacked him and is in MCF's restrictive housing unit, where his interactions with other inmates are strictly limited. (ECF 22-1.) There is no indication from his motion that he believes himself to be in danger in that unit. Rather, the concern articulated in his motion was that he was due to be released to general population in September 2024. (ECF 11 at 1.) However, because of the concerns expressed in his motion, this did not occur. (ECF 22; ECF 26.) Defense counsel, who is an officer of the court, asserts that prison staff do not intend to move Brown out of restrictive housing any time in the foreseeable future. (ECF 26 at 5.)

Considering Brown's current housing assignment, he has not demonstrated a likelihood of success in proving that prison staff are acting with deliberate indifference to his need for protection from other inmates, or that he will suffer irreparable injury if he is not granted injunctive relief before this case is resolved. If there is a change in circumstances warranting a different housing assignment for Brown, the Warden must

promptly notify the court, as this may alter the court's analysis of whether injunctive relief is necessary.

For these reasons, the plaintiff's motion for a preliminary injunction (ECF 11) is DENIED.

SO ORDERED on November 21, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT