UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MICHAEL BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-547-GSL-AZ |
| SGT. BROOMFIELD, et al., | |
| Defendants. | |

OPINION AND ORDER

James Michael Brown, a prisoner without a lawyer, filed a motion to reconsider the court's denial of his motion for a preliminary injunction. (ECF 53.) Brown is proceeding on a claim against three officers at Miami Correctional Facility ("MCF") who allegedly failed to protect him from being attacked by his cellmate in March 2024. (ECF 13.) He is also proceeding against the Warden of MCF in his official capacity for injunctive relief related to his ongoing need for a protection from other inmates. (*Id.*)

Brown previously moved for a preliminary injunction arguing that he was in danger and needed additional protections. (ECF 11.) The court denied the motion after briefing in November 2024. (ECF 28.) His current motion is somewhat difficult to decipher, but he appears to state that he was recently attacked again and is currently in danger. (ECF 53.) The court ordered a response from the Warden, which has now been received. (ECF 55.)

The court has discretionary authority to reconsider interlocutory orders any time before final judgment. *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015). This authority "is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022).

Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions— "those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in correctional setting).

The Eighth Amendment imposes a duty on prison officials to take "reasonable measures" to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the

plaintiff must show that the defendant "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Additionally, "[p]rison officials do not violate the Eight Amendment because the mode of protection they offer does not sit well with a prisoner." *Dale v. Poston*, 548 F.3d 563, 570 (7th Cir. 2008). "Rather, if they offer reasonable protection from the threat, they have done their duty." *Id.*

The records submitted by the Warden reflect that prison staff are taking reasonable measures to protect Brown from being harmed by other inmates. The attack that formed the basis of the complaint occurred a full year ago. (ECF 13.) Brown is no longer housed with that inmate and was moved to a restrictive housing unit. (ECF 28.) Since the court's ruling in November 2024, Brown's status has not changed. (ECF 55.) He is still in MCF's restrictive housing unit, is in a one-person cell, and has no unsupervised face-to-face interactions with other inmates. (*Id.* at 5-6.)

There is no record of Brown having been attacked or injured by other inmates since he was moved to restrictive housing. He was seen in the medical unit several times in recent months for other issues, but there is no indication from the records of these visits that he reported, or was treated for, injuries inflicted by another inmate. (ECF 55-3 at 4-10, 17-20, 27-31, 37-40.) Records also reflect that Brown is being closely monitored by staff while in the restrictive housing unit. He has interacted with staff making regular rounds in that unit many times since November 2024, but there is no

4

indication he voiced a concern to them about being in danger from other inmates. (ECF 55-3 at 11-16, 21-26, 32-36, 41-44.) Additionally, he submitted grievances in February 2025 and March 2025 about issues unrelated to his need for protection from other inmates.[1] (ECF 55-2 at 2-6.) Prison staff are not currently aware of a specific threat to Brown's safety in the restrictive housing unit, as he has not communicated such a threat to them. They cannot be held liable for an Eighth Amendment violation solely because the prison is a dangerous place. *Brown*, 398 F.3d at 913.

Based on the above, Brown has not demonstrated a likelihood of success in proving that prison staff are acting with deliberate indifference to his need for protection from other inmates. Nor has he demonstrated that he will suffer irreparable injury if he is not granted immediate injunctive relief before his claims are resolved. The court finds no basis to alter its prior ruling.

For these reasons, the plaintiff's motion to reconsider (ECF 53) is

DENIED. SO ORDERED on March 31, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT

---

[1] The grievances pertained to his medical care and a March 2025 incident in which a correctional sergeant allegedly retaliated against him. (ECF 55-2 at 2, 6.) As best as can be discerned, the latter grievance complained that the sergeant, who is not a defendant in this case, was angry at him and tried to get other inmates to laugh at him. (*Id.* at 6.) He also appeared to complain that the sergeant made veiled threats against him. These issues fall outside the scope of this lawsuit, which pertains solely to the March 2024 attack by his cellmate. (ECF 13.) The court cannot grant Brown injunctive relief related to issues outside the scope of the constitutional violation he alleges in this case. *Westefer*, 682 F.3d at 681. If he has other concerns about the conditions of his confinement, he is free to file a new lawsuit if he chooses, subject to the usual constraints of the Prison Litigation Reform Act.