UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MICHAEL BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-547-GSL-AZ |
| SGT. BROOMFIELD, *et al.*, | |
| Defendants. | |

OPINION AND ORDER

James Michael Brown, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Sergeant Serina Day, Officer James Drummond, and [Sergeant] Mark Broomfield in their personal capacity for money damages for failing to protect him from being attacked by his cell mate in violation of the Eighth Amendment[.]" ECF 13 at 7.[1] Second, he is proceeding "against the Warden of Miami Correctional Facility in his official capacity for injunctive relief related to his ongoing need for protection from other inmates at that facility[.]" *Id.* The defendants filed a motion for summary judgment, arguing Brown did not exhaust his administrative remedies before filing this lawsuit. ECF 34. Brown filed a response, the defendants filed a reply, Brown filed a supplemental response, and the defendants filed a supplemental reply. ECF 46, 47, 59, 62. Brown then filed an authorized sur-reply. ECF 63. The defendants' summary judgment motion is now fully briefed and ripe for ruling.

---

[1] Brown alleged in his complaint that the defendants failed to protect him from being stabbed by his cell mate on March 21, 2024.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); see also *Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must

2

file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The defendants argue Brown did not exhaust his available administrative remedies before filing this lawsuit because he never submitted any grievance related to his claim that the defendants failed to protect him from being attacked by his cellmate on March 21, 2024. ECF 35 at 5. Specifically, the defendants provide an affidavit from the prison's Grievance Specialist, who attests to the following facts: In order to exhaust his administrative remedies, Brown needed to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 34-1 at 2. The grievance office never received any grievance from Brown relating to his allegation that he was stabbed or that correctional officers failed to protect him in March 2024. *Id.* at 7.

3

In his response, Brown concedes he never fully exhausted any relevant grievance before filing this lawsuit. The court therefore accepts that as undisputed. Instead, Brown argues his administrative remedies were unavailable because he submitted a relevant grievance and other documents to the grievance office but never received any receipt or response from the grievance office.[2] Specifically, Brown provides evidence showing the following: On March 28, 2024, Brown submitted a grievance complaining the defendants failed to protect him from an attack that occurred on March 21, 2024 ("March 28 grievance"). ECF 46-1 at 2. Brown never received any receipt or response to this grievance. On May 31, 2024, Brown submitted a new grievance informing the Grievance Specialist he had not received any receipt or response to his March 28 grievance. *Id.* at 4. On June 3, 2024, Brown submitted a "Request for Interview" form to the Grievance Specialist stating he still had not received any response to his March 28 grievance. *Id.* at 5. Brown attests he submitted all of these documents to the grievance office via his caseworker, but never received any receipt or response from the grievance office. *Id.* at 1.

Here, Brown has provided evidence the grievance office made his administrative remedies unavailable by failing to respond to his March 28 grievance and subsequent

---

[2] Brown attests he submitted these documents to the grievance office by providing them to his caseworker because he was in restrictive housing during the relevant time period. ECF 46 at 1. The defendants do not dispute that Brown was in restrictive housing.

written notices.³ *See Dole*, 438 F.3d at 809 (a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance"). In their reply, the defendants raise two arguments.

First, the defendants argue that, even assuming Brown submitted his March 28 grievance to the grievance office and never received any receipt or response, he still had available administrative remedies because he should have proceeded with submitting a Level I appeal after he received no response from the grievance office. ECF 47 at 4-5; ECF 62 at 3-5. Specifically, the defendants cite to the portion of the Offender Grievance Process which provides that if an inmate submits a grievance and "receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's *receipt of the grievance*, the offender may appeal as though the grievance had been denied." ECF 34-2 at 12 (emphasis added). However, this provision only applies where the grievance office has received and issued a receipt for a grievance, and then fails to follow up with a grievance response. *See id.* Because it's undisputed the grievance office never received or issued any receipt or response for Brown's March 28 grievance, the Offender Grievance Process did not allow Brown to proceed with submitting a Level I appeal. *See id.*; *Allen v. Wexford of Indiana*, No. 3:23-CV-47-JD-SJF, 2025 WL 315569, at *3 (N.D. Ind. Jan. 27, 2025) ("Because the grievance office never

---

³ The Offender Grievance Process provides that, if an inmate does not receive a receipt or response to his grievance from the grievance office "within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 34-2 at 9. Brown provides evidence he satisfied this requirement by submitting a subsequent grievance and a Request for Interview form to the Grievance Specialist.

issued any receipt or response to Allen's June 14 grievance, he never had any available remedy to appeal this grievance.").

Second, the defendants argue Brown never actually submitted any of these grievance documents to his caseworker and instead fabricated the documents to survive summary judgment. ECF 47 at 1-3; ECF 62 at 2-3. But Brown attests he submitted these documents to his caseworker to be provided to the grievance office (ECF 46-1 at 1), and the defendants do not provide or designate any evidence to dispute this attestation, such as an affidavit from Brown's caseworker or a subsequent affidavit from the Grievance Specialist. Instead, the defendants argue only that Brown is not credible and should not be believed, which is insufficient to create a genuine dispute. *See Est. of Logan v. City of S. Bend, Indiana*, 50 F.4th 614, 615 (7th Cir. 2022) ("[T]he prospect of challenging a witness' credibility is not alone enough to" create a genuine dispute) (quoting *Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 (7th Cir. 1998)). The defendants argue it is "factually impossible" for Brown to have submitted these documents to his caseworker because he still has the documents in his possession (ECF 47 at 2; ECF 62 at 1), but Brown attests he made copies of his grievance documents (ECF 59-1 at 1), which is in line with the requirements of the Offender Grievance Process. *See* ECF 34-2 at 9 (instructing Brown to "retain[] a copy" of the written notice he sent to the Grievance Specialist). Because the defendants do not provide any evidence to support their assertion that Brown fabricated these documents, there is no genuine dispute whether Brown submitted these grievance documents to his caseworker.

Accordingly, Brown has provided evidence he exhausted the administrative remedies available to him by submitting to his caseworker a relevant grievance and a subsequent written notice to the Grievance Specialist. Brown's administrative remedies were made unavailable either by his caseworker, for failing to provide these documents to the grievance office, or by the grievance office, for failing to issue any receipt or response to these documents. Regardless, the defendants have not met their burden to show Brown had available administrative remedies he did not exhaust before filing this lawsuit. Their motion for summary judgment (ECF 34) is therefore DENIED.

SO ORDERED on August 13, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT